UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
www.flmb.uscourts.gov

IN RE:

J R LEGACY DESIGNS, LLC, Case No. 8:24-bk-04620-RCT
Chapter 7

Debtor.
_______________________________________/

**MOTION TO APPROVE SETTLEMENT AGREEMENT**
**BETWEEN CHAPTER 7 TRUSTEE AND SOWER DESIGNS, LLC**
(Adv. Pro. No. 8:26-ap-119-RCT)

**NOTICE OF OPPORTUNITY TO**
**OBJECT AND REQUEST FOR HEARING**

If you object to the relief requested in this paper, you must file your response with the Clerk of the Court at Sam M. Gibbons U.S. Courthouse, 801 North Florida Avenue, Suite 555, Tampa, Florida 33602, and serve a copy on the Chapter 7 Trustee's attorney, Angelina E. Lim, Esq., Johnson, Pope, Bokor, Ruppel & Burns, LLP, 400 North Ashley Drive, Suite 3100, Tampa, FL 33602, and any appropriate persons within 21 days from the date of the attached proof of service, plus an additional three days if this paper was served on any party by U.S. mail.

If you file and serve a response within the time permitted, the Court will either schedule and notify you of a hearing date or the Court will consider the response and grant or deny the relief requested in this paper without a hearing. If you do not file a response within the time permitted, the Court will consider that you do not oppose the relief requested in the paper, and the Court may grant or deny the relief requested without further notice or hearing.

You should read these papers carefully and discuss them with your attorney if you have one. If the paper is an objection to your claim in this bankruptcy case, your claim may be reduced, modified, or eliminated if you do not timely file and serve a response.

NICOLE CAMERON, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of J R Legacy Designs, LLC ("Debtor"), pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure, by her undersigned counsel, hereby seeks approval of a settlement reached with Sower Designs, LLC ("Sower"), and respectfully states as follows:

Background

1. On August 7, 2024, the Debtor filed its original Voluntary Petition under Chapter 11 of the Bankruptcy Code, which was subsequently converted to Chapter 7 on June 16, 2025. The Trustee was subsequently duly appointed by the Court.

2. On March 25, 2026, the Trustee filed her complaint against Sower, commencing Adversary Proceeding No. 8:26-ap-119-RCT ("Adversary"), seeking the avoidance and recovery of $15,195.16 in alleged preferential transfers from Sower.

3. Sower disputes the allegations in the Adversary and claims financial hardship. It provided the Trustee with a sworn financial statement in support. In the interest of avoidance of litigation costs, the parties have reached a settlement, the terms of which are embodied in the settlement agreement, attached hereto as Exhibit "A" ("Settlement Agreement").

Settlement Terms

4. Sower will pay six thousand, five hundred dollars ($6,500.00) in equal payments of $541.67 per month, starting on August 1, 2026, for twelve months ("Settlement Payment") contingent upon approval of the Settlement Agreement. Upon payment of the full $6,500, the Trustee shall release Sower and the Adversary shall be dismissed with prejudice.

Basis for Relief

5. It is generally recognized that the law favors compromise of dispute over litigation. *In re Bicoastal Corp.,* 164 B.R. 1009, 1016 (Bankr. M.D. Fla. 1993). Some courts have held that a proposed settlement should be approved unless it yields less than the lowest amount that the litigation could reasonably produce. *In re Holywell Corp.,* 93 B.R. 291, 294 (Bankr. S.D. Fla. 1988). In the case *of In re Justice Oaks IL Ltd*., 898 F.2d 1544 (11th Cir. 1990), cert denied 498

U.S. 959 (1990), the Court enunciated certain factors which must be considered in determining whether to approve a compromise. Those factors include the following:

(a) The probability of success in the litigation;
(b) The difficulties, if any, to be encountered in the matter of collection;
(c) The complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
(d) The paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Id*. at 1549 (citations omitted).

6. "Whether a compromise should be accepted or rejected lies within the sound discretion of the Court." *In re Batt, 4*88 B.R. 341, 350 (Bankr. W.D.Ky. 2013)(citing *In re Planned Systems, Inc*., 82 B.R. 919, 921 (Bankr.S.D.Ohio 1988)). A court may consider the objections of other creditors or parties in interest, but the objections are "not controlling and will not prevent approval by the Court." *Id*. (*citing In re Carson*, 82 B.R. 847, 852 (Bankr.S.D.Ohio 1987)). The Court must ultimately "canvass the issues in order to determine whether the settlement 'falls below the lowest point in the range of reasonableness.'" *Batt,* 488 B.R at 350 (emphasis in original, quoting *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983), also stating 488 B.R at 353 that "it is the Trustee who is more knowledgeable of the strengths and weaknesses of their cases", and that the "agreement does not have to be an agreement the Court would enter, but must simply be above the lowest point in the range of reasonableness").

7. Here, the Trustee and the parties have both made their best business decisions that the Settlement Agreement is in the best interest of the estate given the collectability of the claim against Sower and given the amount of transfers at issue.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order approving the compromise, along with such other and further relief as the Court deems appropriate.

/s/ Angelina E. Lim
Angelina E. Lim; FBN: 0158313
angelinal@jpfirm.com
Johnson, Pope, Bokor, Ruppel & Burns, LLP
400 North Ashley Drive, Suite 3100
Tampa, FL 33602
Telephone: (813) 225-2500
Facsimile: (813) 223-7118
Counsel for Nicole Cameron, Chapter 7 Trustee

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on July 28, 2026, a true and correct copy of the foregoing has been served via U.S. mail on all creditors and Debtor (see attached Matrix) and electronically on the CM/ECF participants (indicated on the attached Matrix with a "+" symbol), including the US Trustee, 501 E. Polk Street, Suite 1200, Tampa, FL 33602 and Debtor's Counsel, Jonathan Semach, Esq., 9301 W Hillsborough Ave., Tampa, FL 33615-3008 and via email to Sower Designs, LLC, c/o: Augusto Escobar at augusto@thesowerdesign.com.

/s/ Angelina E Lim
Angelina E. Lim

(11792555.1)

EXHIBIT "A"

# SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("Agreement") is entered into by and between Nicole M. Cameron, in her capacity as chapter 7 trustee (“Trustee”) of the bankruptcy estate of J R Legacy Designs, LLC ("Debtor") and Sower Designs, LLC (“Sower”). Each person or entity may hereinafter be referred to as a “Party” or collectively as the “Parties.”

## RECITALS

**WHEREAS**, on August 7, 2024, the Debtor filed its original Voluntary Petition under Chapter 11 of the Bankruptcy Code, Subchapter V, pending in the United States Bankruptcy Court for the Middle District of Florida, Tampa Division (the "Bankruptcy Court"), Case Number Case No. 8:24-bk-04620-RCT (the "Bankruptcy Case"); and

**WHEREAS**, on June 16, 2025, the case was converted to one under chapter 7 and the Trustee was duly appointed; and

**WHEREAS**, the Trustee filed her complaint against Sower on April 17, 2026, Adversary Proceeding Number 8:26-ap-119-RCT (“Adversary”), seeking to avoid certain preferential transfers pursuant to U.S.C. § 547; and

**WHEREAS**, Sower denies the allegations and asserts various defenses, as well as asserting an inability to pay; and

**WHEREAS**, Sower provided the Trustee with a sworn financial statement to support its financial condition;

**WHEREAS**, the Parties desire to amicably resolve their disputes;

**NOW, THEREFORE**, in consideration of the promises, covenants, warranties, and representations set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and mutually intending to be bound, the Parties agree as follows:

## TERMS OF THE AGREEMENT

1. Incorporation of Recitals. The Recitals are incorporated here by reference as if fully set forth herein.

2. Contingent on Bankruptcy Court Approval. The Parties acknowledge that this Agreement, and all obligations and releases contained herein, are contingent upon Bankruptcy Court approval. The Trustee shall prepare and file a motion to obtain such approval (the "Motion to Approve"). Sower agrees not to directly or indirectly oppose the Motion to Approve, or appeal or seek to stay any order substantially approving this Agreement. If the Bankruptcy Court does not substantially approve this Agreement, then this Agreement, and all of the obligations and releases contained herein, shall be null and void.

3. Consideration. The Parties agree as follows:

a. Payment. Sower will pay the Trustee $6,500 in equal payments of $541.67 per month, starting on August 1, 2026, for twelve months (the "Settlement Payment").

b. Releases. Upon payment in full of the Settlement Payment of $6,500, the Parties agree to the releases stipulated below.

**GENERAL RELEASE**

4. Mutual Release of All Claims. Upon payment of the Settlement Amount of $6,500 in full, and the Bankruptcy Court's approval of this Agreement, in consideration of the mutual covenants, promises, and conditions herein contained and other good and valuable consideration, the Parties hereby release, acquit and forever discharge each other from any and all actual, potential, filed, known or unknown and whether in existence or hereafter discovered, fixed or contingent, claimed or unclaimed, suspected or unsuspected, claims, demands, liabilities, rights, causes of action, contracts or agreements, extracontractual claims, damages, specific performance, actual, statutory, punitive, exemplary or multiplied damages, sums of money, expenses, costs, attorney's fees and/or obligations, judgments, whether in law or equity of any kind or nature relating to the Bankruptcy Case and Adversary between the Parties, whether based on litigation, or other federal, state, local, statutory or common law or any other law, rule or regulation.

5. Enforcement of the Agreement. Notwithstanding any of the above language, the releases found in the foregoing subsections shall not: (i) release any term of this Agreement or any affirmative obligation of any Party contained herein; or (ii) release or limit any future ability or right of any Party to enforce this Agreement.

6. Ownership/Authority. Each Party represents and warrants that: (i) each Party is authorized to enter into this Agreement and (ii) each Party has not sold, pledged, encumbered, or otherwise disposed of, in whole or in part, voluntarily or involuntarily, any of the claims released in the general release above.

7. Successors. This Agreement shall be binding upon and inure to the benefit of the Parties and their agents, trustees, executors, administrators, legal representatives, successors, and assigns.

8. No Modification, Waiver, or Amendment. No modification, waiver, or amendment of any of the terms of this Agreement shall be valid unless in writing and executed by all Parties. Any failure to enforce any terms or conditions of this Agreement by any of the Parties shall not constitute a waiver of any right to assert any of the terms and conditions of this Agreement. No waiver of any breach hereof or default hereunder shall be deemed a waiver of any subsequent breach or default of the same or similar or dissimilar nature. No course of dealing or course of conduct shall be effective to amend, modify, or change any provision of this Agreement.

9. Jurisdiction. The Parties agree that the Bankruptcy Courts retain jurisdiction to interpret and enforce this Agreement and resolve any disputes stemming therefrom.

10. Counterparts. The Parties agree that this Agreement may be executed by facsimile signatures and/or by counterpart signatures.

11. Entire Agreement and Severability. This Agreement reflects the entire agreement by and between the Parties, and no statement, promise or inducement that is not contained herein shall be valid and binding. If any provision or portion of this Agreement is held invalid, void, or unenforceable under any applicable statute or rule of law, only that provision, or portion thereof, shall be deemed omitted from this Agreement, and only to the extent to which it is held invalid, and the remainder of the Agreement shall remain in full force and effect.

12. Draftsmanship. The terms and conditions set forth in this Agreement are the product of joint draftsmanship of the Parties, and any ambiguities in this Agreement or any documentation prepared pursuant to or in connection with this Agreement shall not be construed against the Parties because of draftsmanship.

**IN WITNESS WHEREOF**, the Parties have caused this Agreement to be executed on the dates set forth below. **THE PARTIES HERETO EXPRESSLY ACKNOWLEDGE THAT THEY UNDERSTAND THE TERMS OF THIS SETTLEMENT AGREEMENT, THAT THEY HAVE ENTERED INTO AND EXECUTED THIS SETTLEMENT AGREEMENT FREELY AND VOLUNTARILY, AND THAT THEY HAVE HAD THE OPPORTUNITY TO CONSULT COUNSEL OF THEIR OWN CHOOSING PRIOR TO EXECUTING THIS SETTLEMENT AGREEMENT.**

Nicole Cameron, as Chapter 7 Trustee of JR Legacy Designs, LLC

/s/ Nicole Cameron, Trustee

Date: 7/27/2026

Sower Designs, LLC

Name: Augusto Escobar
By its: MANAGING MEMBER

Date: 7/16/2026

(11792299.1)

Label Matrix for local noticing
113A-8
Case 8:24-bk-04620-RCT
Middle District of Florida
Tampa
Mon Jul 27 17:46:30 EDT 2026

Banyan Street/GAP TCC Owner, LLC
Mark Migdal & Hayden
c/o Jordan Nadel
80 SW 8th Street, Suite 1999
Miami, FL 33130-3036

Roberta A. Colton
Tampa
, FL

Star Mark Conti
c/o Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd.
Ste. 2800
Tampa, FL 33602-5150

J R Legacy Designs, LLC
2325 Eagle Bluff Dr.
Valrico, FL 33596-7221

Julio C Lorie Arnau
428 County Vineyard Dr
Valrico, FL 33594-3045

Niurka R. Narano Marrero
428 County Vineyard Dr
Valrico, FL 33594-3045

Neurodevelopmental Center for Children LLC
c/o Julio C. Lorie Arnau
Registered Agent
428 County Vineyard Dr
Valrico, FL 33594-3045

Paul Vautour
1942 Muirfield Way
Oldsmar, FL 34677-1935

Adria M. Jensen, Esq.
240 Pineapple Ave.
Sarasota, FL 34236-6717

All Phase Glass
and Mirror Co., Inc.
5001 N. Coolidge Ave.
Tampa, FL 33614-6421

Banyan Street GAP TCC Owner
201 N. Franklin St.
Ste. 1890
Tampa, FL 33602-5989

Banyan Street GAP TCC Owner
c/o Banyan Street Capital
80 SW 8th Street, Suite 2200
Miami, FL 33130-3004

Banyan Street/GAP TCC Owner, LLC
Jordan Nadel, Esq.
80 SW 8 Street, Suite 1999
Miami, FL 33130-3036

Banyan Street/GAP TCC Owner, LLC
c/o Jordan Nadel, Esq.
80 SW 8 Street, Suite 1999
Miami, Florida 33130-3036

Bitty Advance
1855 Griffin Rd.
Suite A-474
Dania, FL 33004-2241

Brennan & Clark LLC
721 Madison St., Suite 200
Villa Park, IL 60181-3083

Cabrera Cabinets LLC
1717 E. Busch Blvd.
Warehouse # 304
Tampa, FL 33612-8691

Cabrera Cabinets, LLC
c/o Ellison Lazenby
150 2nd Avenue N, Suite 1770
St. Petersburg, FL 33701-3327

Cabrera Cabinets, LLC
c/o Matthew D. Baylor, Esq.
150 2nd Avenue North
Suite 1770
St. Petersburg, FL 33701-3327

Corporation Service Company
P.O. Box 2576
Springfield, IL 62708-2576

Cushman & Wakefield
Attn: Mercedes Angell
201 N. Franklin Street
Ste. 3300
Tampa, FL 33602-5818

Department of Revenue
PO Box 6668
Tallahassee FL 32314-6668

Florida Department of Revenue
Frederick F. Rudzik, Esquire
Post Office Box 6668
Tallahassee, Florida 32314-6668

Georgia Floors Direct
5000 US 98 North
Lakeland, FL 33810

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Lee Greenspon
500 SE 5th Ave. Unit 401S
Boca Raton, FL 33432-5572

Lee and Miriam Greenspon
500 SE 5th Ave.  Unit # 401S
Boca Raton, FL 33432-5572

(p)NAVITAS CREDIT CORP
ATTN JOYCE MCKULKA
201 EXECUTIVE CENTER DR SUITE 100
COLUMBIA SC 29210-8410

Office Furniture
by Tempo, Inc.
4136 East 10th Lane
Hialeah, FL 33013-2506

Paul & Stacey Vautour
1942 Muirfield Way
Oldsmar, FL 34677-1935

Prosperum Capital Partners
dba Arsenal Funding
8 West 36th Street, 7th floo
New York, NY 10018-9774

Prosperum Capital Partners LLC
c/o Weinstein & Riley, PS
749 Gateway, Suite G-601
Abilene, TX 79602-1196

Star Conti
301 Harbour Place Dr PH 01
Tampa, FL 33602-6810

Star Conti
c/o Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Ste. 2800
Tampa, FL 33602-5150

State of Florida - Department of Revenue
Frederick F. Rudzik
Post Office Box 6668
Tallahassee, Florida 32314-6668

Steven M Berman +
Shumaker, Loop & Kendrick, LLP
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602-5153

United States Trustee - TPA +
Timberlake Annex, Suite 1200
501 E Polk Street
Tampa, FL 33602-3949

Timothy W Gensmer +
Timothy W Gensmer, PA
2831 Ringling Blvd
Suite 202-A
Sarasota, FL 34237-5348

Angelina E Lim +
Johnson Pope Bokor Ruppel & Burns, LLP
400 N. Ashley Drive
Suite 3100
Tampa, FL 33602-4337

Nicole M Cameron +
Nicole M. Cameron, P.A.
235 Apollo Beach Boulevard, #231
Apollo Beach, FL 33572-2251

Jonathan A Semach +
Ford & Semach, P.A.
9301 W. Hillsborough Avenue
Tampa, FL 33615-3008

Teresa Marie Dorr +
Office of the United States Trustee
501 E. Polk Street, Suite 1200
Tampa, FL 33602-3945

Michael C Markham +
400 N. Ashley Drive
Ste 3100
Tampa, FL 33602-4337

Matthew Dean Baylor +
Ellison Lazenby
9800 4th Street North, Suite 206
St. Petersburg, FL 33702-2462

Jordan Nadel +
Mark Ferrer and Hayden
80 SW 8 Street
Suite 1999
Miami, FL 33130-3036

Note: Entries with a '+' at the end of the name have an email address on file in CMECF

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Navitas Credit Corp.
201 Executive Center Dr.
Ste. 100
Columbia, SC 29210

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Cabrera Cabinets, LLC

(d)Paul Vautour
1942 Muirfield Way
Oldsmar, FL 34677-1935

End of Label Matrix

| | |
|---|---|
| Mailable recipients | 46 |
| Bypassed recipients | 2 |
| Total | 48 |